UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER W. (BRUCE) THE LIVING MAN, ELIZABETH (BRUCE), THE LIVING WOMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>POLK COUNTY ATTORNEY'S OFFICE, ET AL.,<br><br>Defendants. | 4:18-CV-00040-HCA<br><br>DEFENDANTS POLK COUNTY ATTORNEY'S OFFICE, JOHN P. SARCONE, JESSE RAMIREZ, STEPHANIE BROWN, KEVIN J. BROWNELL, KEVIN BELL and LINDA LANE'S RESISTANCE TO PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF |

**COMES NOW** Defendants Polk County Attorney's Office, John P. Sarcone, Jesse Ramirez, Stephanie Brown, Kevin J. Brownell, Kevin Bell, and Linda Lane (hereinafter County Defendants) and for their Resistance to Plaintiffs' Motion for Injunctive Relief respectfully state the following:

1. Plaintiffs seek injunctive relief barring Polk County Attorney John Sarcone from "calling Government agencies around the country to have him investigated and/or arrested for the crime of trying to have the Polk County Attorney's offices pay for their crimes against the plaintiffs…."

2. In support of their claim, Plaintiffs submit "Exhibit 6" which purports to be evidence of Mr. Sarcone contacting law enforcement agencies.

3. However, even on its face Exhibit 6 only purportedly shows when emails send by Mr. Bruce to Mr. Sarcone and others were opened. Plaintiffs have provided no evidence of any County Defendant calling any law enforcement agency about anything, let alone calling seeking investigations into Mr. Bruce.

4. Plaintiffs' purported evidence can only demonstrate, at most, that Defendants and their counsel are opening emails sent to them by Plaintiffs. Presumably, Mr. Bruce intends for the emails he sends to be opened and read. There is no reason for Mr. Bruce to be emailing any of the parties or attorneys representing the parties as he has now been permitted to file matters electronically. *See Order Granting Leave to File Electronically*, Doc. 43.

5. "When considering a motion for preliminary injunction, a district court weighs the movant's probability of success on the merits, the threat of irreparable harm to the movant absent the injunction, the balance between the harm and the injury that the injunction's issuance would inflict on other interested parties, and the public interest." *Oldham v. Chandler-Halford*, 877 F.Supp. 1340, 1347 (N.D. Iowa 1995) (*citing Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (*en banc*)).

6. The Eighth Circuit stated that to issue an injunction within a section 1983 case, the injunction must be tailored to remedy the specific harm shown. However, "[w]here there is no constitutional violation, there is no necessity for injunctive relief." *Oldham v. Chandler-Halford,* 877 F.Supp. at 1347-48 (*citing Falls v. Nesbitt*, 966 F.2d 375, 380 (8th Cir. 1992)).

7. Issuance of an injunction in this case would be highly inappropriate. First, for the reasons stated in Defendants' Motion to Dismiss and associated Memorandum, Plaintiffs' claims against County Defendants fail for numerous reasons. Accordingly, Plaintiffs' probability of success on the merits of their claims are very small.

8. Second, there is no threat of irreparable harm to Plaintiffs. Plaintiffs can show no evidence of anyone calling any law enforcement agency about Mr. Bruce. The only evidence Plaintiff has provided is that emails he authored and sent have been opened by their recipients. Further, Plaintiffs have not alleged that any of the alleged information provided to law

2

enforcement is in any way false or misleading. Plaintiffs can show no threat of irreparable harm.

9. Third, the balance between the harm to Plaintiffs and the injury that the injunction's issuance would inflict on other interested parties weighs heavily against the issuance of any injunction. The requested injunction would infringe upon Defendant Sarcone's first amendment rights.

10. Finally, the public interest would not be served by any injunction. If Mr. Sarcone receives information from or about Mr. Bruce that evidences a crime, Mr. Sarcone is duty bound to share that information with law enforcement. The public interest would be served by such communication.

11. Defendants are not reporting Plaintiff Christopher Bruce to law enforcement. Plaintiffs have zero proof that any County Defendant is reporting his conduct to law enforcement agencies, let alone reporting information that somehow violates his constitutional rights. The only "evidence" is evidence that intended recipients of Mr. Bruce's email rants are opening the emails. After weighing the factors set forth above, this Court should deny Plaintiffs' request because there is no evidence of any constitutional deprivation in this case, Plaintiffs are not likely to succeed on the merits of the underlying claims, issuance of the injunction would infringe upon Mr. Sarcone's first amendment rights, and an injunction would not serve the public interest.

**WHEREFORE** Defendants Polk County Attorney's Office, John P. Sarcone, Jesse Ramirez, Stephanie Brown, Kevin J. Brownell, Kevin Bell, and Linda Lane respectfully request that this Court deny Plaintiffs' Request for Injunctive Relief and grant any other relief deemed appropriate under the circumstances.

Respectfully submitted,

JOHN P. SARCONE
POLK COUNTY ATTORNEY


*/s/ Julie J. Bussanmas*
Julie J. Bussanmas    AT0001254
Assistant County Attorney
111 Court Avenue, Room 340
Des Moines, IA   50309
Telephone: (515) 286-3346
FAX: (515) 286-3314
Julie.Bussanmas@polkcountyiowa.gov

ATTORNEY FOR THE POLK COUNTY ATTORNEY'S OFFICE, JOHN P. SARCONE, JESSE RAMIREZ, STEPHANIE BROWN, KEVIN J. BROWNELL, KEVIN BELL and LINDA LANE

---

PROOF OF SERVICE

The foregoing document was served upon the parties to this action on 6/26/18 by electronic mail through CM/ECF.

The below parties were served via U.S. Mail:

Christopher Bruce
701 S. Duluth Ave., Apt. 1
Sioux Falls, SD 57104

Elizabeth Bruce
701 S. Duluth Ave., Apt. 1
Sioux Falls, SD 57104

Signature: */s/ Amber Cahill*